208 So.2d 215

**Jack SELLERS**

v.

**STATE.**

**6 Div. 325.**

Court of Appeals of Alabama.

Feb. 21, 1968.

Johnson, J., dissented.

Geo. S. Wright, Tuscaloosa, for appellant.

MacDonald Gallion, Atty. Gen., for the State.

CATES, Judge.

This is an appeal under § 9 of the Griffin v. People of State of Illinois [1] statute, Act No. 525, September 16, 1963, assimilated into Michie's 1958 Code as T. 15, § 380(22) (P.P.Supp.).

In the instant case the trial judge made no findings and stated no reasons for decision in denying Sellers a free transcript. The court reporter has estimated that the cost of transcribing the evidence heard by the trial judge on Sellers's petition under Act 525, supra, to be $45.00.

Section 6 of that Act [2] requires that the trial judge make "findings to be entered on the minutes of the court, stating his reasons therefor." This is laid down in cases of (a) outright denial of indigency; (b) partial indigency; or (c) the judge's being left in doubt.

---

1. 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891.

2. "Section 6. If the trial judge is satisfied that the defendant or petitioner is without sufficient funds, and has no reasonable way to procure the same, necessary for the payment of court reporters' fees or the clerks' fees, he shall cause said finding to be entered on the minutes of the court. If the trial judge finds to the contrary, he shall also cause said findings to be entered on the minutes of the court, stating his reasons therefor. If the trial judge finds that the defendant or petitioner is unable to pay all of the court reporter's fees, or all of the clerk's fees, but is able to pay a part, he shall cause to be entered upon the minutes of the court such finding and shall state his reasons therefor and state the amount in money that defendant or petitioner can reasonably pay. The burden shall be upon the convicted defendant or petitioner to satisfy the trial judge that said defendant or petitioner is without said sufficient funds, and has no reasonable way to procure the same. If the trial judge is in doubt after such investigation as he deems proper, he shall deny such petition in whole or in part and state his reasons therefor, and cause the same to be entered on the minutes of the court."

Only when the finding is favorable to the petitioner's total indigency, the judge then, and only then, need not spread his reasons for decision on the minutes. This, apparently because the State has no appeal.

 Since the trial judge allowed testimony ore tenus, we cannot review this record without either a transcript of the testimony or the statutorily mandated findings and reasons. Under § 9 of Act 525, supra, the Legislature clearly intended that there be an appeal attended with the least formality and expense feasible, even to using only the original trial court papers plus a certified order (or orders) and if need be an opinion.[3]

Also the Legislature in that same § 9 directed this court "to determine the matter of whether or not a transcript of the evidence and a complete record for appeal should be ordered, prepared and filed and paid for as provided for in this act, and shall render such judgment as in its opinion should have been rendered below or such appellate court may remand such proceedings to the trial court for further proceedings as said appellate court may deem proper." The only presumption accorded the trial court is that which resides in a finding from viva voce evidence to the extent arising from the demeanor and conduct of the witnesses not reflected in the record on appeal.

We consider that § 9, supra, does not exclude the use of the usual appellate record if it can be sent up as quickly as the trial court's file mentioned in § 9. Because of the desirability of this court having a record for permanent binding, all other things being equal the usual record is preferable.

In conclusion, we consider the findings and reasons for decision called for in § 6, supra, are mandatory where as here the order (or final judgment) denies the free transcript.

Accordingly, we remand this cause to the trial court for further proceedings, including in particular, under § 6, supra, the extent of Sellers's ability, if any, to pay all or part of the trial transcript and for the entry of findings and reasons to the extent that a transcript of the evidence on the indigency hearing would be unnecessary for complete appellate review.

Remanded.

JOHNSON, J., dissents.

---

3. Section 5 of the Act requires that the trial judge examine the petitioner under oath "before him."